```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

DANIEL QUILLING,              )
                              )
        Plaintiff,            )
                              )
    v.                        )      No. 4:07-CV-251-JCH
                              )
DARREN WASHINGTON,            )
                              )
        Defendant.            )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Daniel Quilling for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be

granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff alleges that defendant Darren Washington helped plaintiff's wife to leave him.  In addition, he claims that Washington "started helping [plaintiff's] wife with the order of protection," helped "to put [their] son Courtney away," and then "started helping [his] wife use the Ford Motors UAW employee benefits."  He claims Washington stole money from his house, interfered with plaintiff's bankruptcy case by renting plaintiff's house out to Washington's friends, took plaintiff's wife's name "off the insurance of the house [they] were living in," and helped plaintiff's wife "to forge [plaintiff's] name to take [plaintiff off] the Ford Life Insurance and then [cancelled plaintiff's] personal life insurance."  Plaintiff seeks an award of $20,000,000 and an order sending Washington to prison.

At the outset, the Court notes that plaintiff's grounds for filing this case in Federal Court are, as follows: "helping my wife to commit perjury, fraud, helping to put my son Courtney away, helping to use Ford Motors benefit against me. Darren Washington is the one telling my wife what to do." Plaintiff states that both he and defendant reside in the State of Missouri.

Having carefully reviewed the complaint, the Court concludes that this action should be dismissed, without prejudice, for lack of federal-court subject matter jurisdiction. Although the amount in controversy exceeds $75,000, complete diversity of citizenship is lacking. *See* 28 U.S.C. § 1332.

Moreover, the instant action does not arise under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Defendant Washington is not alleged, nor does he appear, to be a state actor, and thus, there can be no cause of action under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 22nd Day of February, 2007.

                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE